UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | | |
|---|---|---|
| JOLENE MEREDITH, | ) | NO. CV-07-166-JPH |
| | ) | |
| | ) | **ORDER ADOPTING REPORT** |
| Plaintiff, | ) | **AND RECOMMENDATION** |
| | ) | |
| vs. | ) | |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social | ) | |
| Security, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**BEFORE THE COURT** for resolution is the Report and Recommendation entered on April 25, 2008 (Ct. Rec. 25), recommending that Plaintiff's Motion for Summary Judgment (Ct. Rec. 19) be granted and Defendant's Motion for Summary Judgment (Ct. Rec. 22) be denied. On May 9, 2008, Defendant filed objections (Ct. Rec. 26).

Defendant's primary objection to the report and recommendation is that, although Plaintiff was assessed with moderate and marked mental impairment by more than one treating and examining mental health professional, the ALJ correctly found at step two of the sequential evaluation that Plaintiff's mental impairments have no more than a "de minimus" effect on her ability to work. (Ct. Rec. 26.) Defendant mischaracterizes the evidence to reach this conclusion: "Dr. Flanagan assessed no severe mental impairment in January 2004" (Ct. Rec. 26 at 18). Yet, as the magistrate judge's

-1-

report indicates, when Dr. Flanagan finished the "complete psychological diagnostic interview" seven months after onset, she found no evidence of malingering, Plaintiff's mood was mildly depressed, and Plaintiff demonstrated both poor judgment and poor concentration abilities. (Ct. Rec. 25 at 6.) As discussed by the magistrate judge, Dr. Flanagan diagnosed anxiety disorder NOS and occupational problems; she assessed a GAF of 51-60, indicating moderate symptoms. (Ct. Rec. 25 at 6-7.)

An impairment may be found "not severe only if the evidence establishes a slight abnormality that has no more than a minimal effect on an individual's ability to work." *Webb v. Barnhart*, 433 F.3d 683, 686-687 (9th Cir. 2005)(citing *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996)); *see Yuckert v. Bowen,* 841 F.2d 303, 306 (9th Cir. 1988). Step two is a "de minimus screening device [used] to dispose of groundless claims." *Smolen*, 80 F.3d at 1290. The question on review is whether the ALJ had substantial evidence to find that the medical evidence clearly established that the claimant did not have a medically severe impairment or combination of impairments. *Id*. The ALJ's step two conclusion is not clearly established by medical evidence. Having reviewed the record, the briefs of both parties, the objections, and the report and recommendation, the cCurt adopts the magistrate judge's report and recommendation in its entirety.

**IT IS HEREBY ORDERED** that the Report and Recommendation **(Ct. Rec. 25)** to **grant** Plaintiff's Motion for Summary Judgment and **deny** Defendant's Motion for Summary Judgment is **ADOPTED in its entirety.** The Commissioner's decision to deny Plaintiff disability benefits is **reversed.**

1  **IT IS SO ORDERED.**  The District Court Executive is directed to
2  enter this Order and an Order of Judgment, forward copies to
3  counsel, and close the file.
4     DATED this 23rd day of May 2008.
5
6                            S/ Edward F. Shea
                             EDWARD F. SHEA
7                       UNITED STATES DISTRICT JUDGE
8
Q:\Civil\2007\0166.adoptRR.wpd
9